Hon. John J. Pettigrass Corporation Counsel, Auburn
Mr. Thurston of your office has written stating that the Auburn Industrial Development Authority has caused to be built in your city a Holiday Inn Project which has been completed and the tenant is about to take occupancy. The letter mentions an informal opinion of this office dated June 25, 1979 addressed to George W. Cregg, Esq., attorney for the Authority, in which we concluded that the Authority was not required to comply with the City of Auburn Building Code or to obtain a building permit from the City in order to construct the Holiday Inn Project. The Thurston letter requests our opinion:
 "1. Whether or not the Auburn Industrial Development Authority is required to meet the minimum requirements of the State Building Code and minimum fire standards.
 "2. Whether the Auburn Industrial Development Authority requires a Certificate of Occupancy and, if so, whether or not the City of Auburn is obligated to issue a Certificate of Occupancy with actual knowledge of building code and fire violations.
 "3. Whether or not the City of Auburn is liable for failure to enforce fire code violations on property owned by the Auburn Industrial Development Authority."
It appears from Mr. Thurston's letter that the City of Auburn adopted theState Building Construction Code as authorized by the State Building Code Law, constituting Article 18 of the Executive Law (§§ 370-387).
Upon adoption of the State Building Construction Code by a municipality it becomes the local building code (1964 Op Atty Gen 166, 1974 Op Atty Gen 267). Whether the building code was a local enactment or was the result of the adoption of the State Building Construction Code is immaterial.
The Authority was created by Chapter 915 of the Laws of 1969, adding the Auburn Industrial Development Authority to other authorities provided for in the Public Authorities Law, where it appears as Title 15 of Article 8 (§§ 2300-2338).
The basis of the Cregg opinion was that the Legislature intended that the Authority be allowed to function free of the building code and that it not be required to obtain a building permit because this would be an inhibition upon the Authority's actions which would defeat the purpose for which it was created. We also stated that the underlying philosophy leading to the creation of authorities is to enable government, through a corporate structure, to get a job done as expeditiously as possible, free from political interference, at a reasonable cost and without red tape. In the case of the City of Auburn, the job to be done is, among other things, the construction and operation of a hotel or motel. The construction phase of the program has been accomplished and the operation phase is about to commence.
In a formal opinion addressed to the Dormitory Authority, one of my predecessors, in 1949 Op Atty Gen 138, after pointing out that a statute in general words, by the provisions of which the sovereignty or any of the prerogatives of the State would be derogated, does not apply to or bind the State unless the derogation is specifically mentioned therein or included by necessary implication and that statutes in derogation of the sovereign immunity of the State are strictly construed, observed:
 "If the State is immune from the provisions of existing statuatory [sic] building restrictions, regulations and codes, the Dormitory Authority, which is the agent and instrumentality of the State in the discharge of essential [sic] governmenal [sic] functions, is likewise immune for it cannot be said that the State adopted the plan embodied in the Dormitory Authority Act only to have such plan interfered with, impeded or possibly, in a particular case, wholly stymied, by local governmental units."
The conclusion was that in the construction of dormitories under the authority of the Dormitory Authority, the Dormitory Authority is not required to secure permits from municipal governmental units.
The same conclusion is applicable in the present case and, the building and fire codes of the City of Auburn not being applicable to the Auburn Industrial Development Authority, the Authority cannot be in violation of them.
In our opinion:
 1. The Auburn Industrial Development Authority is not required to meet the minimum requirements of the State Building Code and minimum fire standards.
 2. The Auburn Industrial Development Authority does not require a Certificate of Occupancy and the City of Auburn is not obligated to issue a Certificate of Occupancy. There can be no local building code and fire violations if no local codes are applicable.
 3. The City of Auburn is not liable for failure to enforce inapplicable local fire code violations on property owned by the Auburn Industrial Development Authority.